THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANE C. STROHM,<br><br>Defendant. | CASE NO. CR11-0043-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 50). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

On May 5, 2011, Defendant pled guilty to one count of sale of a firearm to a convicted felon in violation of 18 U.S.C. §§ 922(d) and 924(a)(2), and one count of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. (Dkt. No. 26.) Defendant was sentenced to 60 months in custody and four years of supervised release.[1] (Dkt. No. 36.)

Defendant began supervised release on May 13, 2016. (Dkt. No. 50 at 1.) Defendant now seeks early termination of supervision to allow him to take on additional work as security at

---

[1] The Honorable Marsha J. Pechman sentenced Defendant before the case was reassigned to this Court. (Dkt. Nos. 36, 40.)

night clubs, which often pay in cash—a method of payment that would violate his conditions of release. (Dkt. No. 50 at 2.) The Government did not respond to Defendant's motion. But Defendant's Probation Officer declined to endorse early termination because of Defendant's "[violent history], his positive drug test in May 2017, and his classification as a moderate risk to re-offend." (*Id.*)

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court must consider several factors in its evaluation of early termination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity. 18 U.S.C. § 3583(e).

While the Court commends Defendant's consistent employment while on supervision, progress in addressing his drug addiction, and commitment to caring for his family, the Court does not find early termination appropriate at this time. (*See* Dkt. No. 50 at 2). Defendant's underlying conviction is for the sale of drugs and guns—a crime that poses significant danger to the community. While on supervised release, he has had one reported violation for methamphetamine use in May 2017 and an August 2016 financial violation, which was not brought before the Court. (Dkt. No. 38 at 1.) His Probation Officer is currently investigating a second suspected recent financial violation. (*Id.*; Dkt. No. 50 at 2.) The Court also weigh's Probation's assessment of Defendant's risk to re-offend in considering the need to protect the public from further crimes and to deter criminal conduct. Balancing these factors, the Court finds that early termination is not warranted by Defendant's conduct or in the interest of justice.

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 50) is DENIED.

//

1       DATED this 14th day of June 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE